IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JOHN CHRISTOPHER HUGHES,

    Plaintiff,

v.

CIVIL ACTION NO.: CV609-070

STATE OF GEORGIA, and
DON JARREL, Warden,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at the Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520; Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10; Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

The PLRA mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). "When a state provides a grievance procedure for its prisoners, . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies under that procedure before pursuing a § 1983 lawsuit. Johnson v. Meadows, 418 F.3d 1152, 1156 (11th Cir. 2005). To exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step in the administrative process." Id. at 1158. An inmate "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Id. Prison officials must have an opportunity to address the grievance

internally and rule on the grievance before the inmate files a complaint in federal court. Id.

To exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step in the administrative process." Johnson, 418 F.3d at 1158. An inmate "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Id. Prison officials must have an opportunity to address the grievance internally and rule on the grievance before the inmate files a complaint in federal court. Id.

Within the Georgia Department of Corrections, the grievance procedure is a three-step process. Blackerby v. McNeil, 2008 WL 5209975, at *4 (S.D. Ga. Oct. 7, 2008). It commences with the filing of an informal grievance which must be filed within ten calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance." Id. If an inmate is unsatisfied with the resolution of his informal grievance, a formal grievance form must be submitted within five business days. Id. The Warden has thirty calendar days to respond to the formal grievance. Id. If the inmate is not satisfied with the Warden's response, he has five business days to file an appeal; then, the Office of the Commissioner has ninety calendar days to respond. Id. The grievance procedure is terminated upon the issuance of an appeal response. Id.

In his complaint, Plaintiff states that he filed an informal grievance, which is still pending. (Doc. No. 1, p. 3). Plaintiff has failed to exhaust his administrative remedies as required by the PLRA.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 25th day of January, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE